[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————————

No. 22-10347

Non-Argument Calendar

————————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAFAEL ALEMAN-RIVERA,

Defendant-Appellant.

————————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00596-VMC-CPT-8

————————————————————

Before Newsom, Grant, and Tjoflat, Circuit Judges.

PER CURIAM:

Rafael Aleman-Rivera appeals his sentence of 180 months' imprisonment for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, which was a downward variance from the advisory guideline range of 210 to 262 months. On appeal, Aleman-Rivera argues that his sentence was procedurally unreasonable because the District Court failed to consider each of the 18 U.S.C. § 3553(a) factors, including the need to protect the public from the defendant's future crimes.

## I.

Aleman-Rivera entered a plea of guilty, which was accepted by the United States District Court for the Middle District of Florida. At the end of Aleman-Rivera's sentencing hearing, the District Court said,

> Let me first acknowledge the factors to consider in imposing sentence as set forth in Section 3553(a) of Title 18. The sentence should reflect the seriousness of the offense, promote respect for the law, act as a deterrent, and should be sufficient but not greater than necessary to achieve those purposes.
>
> I don't think danger to the community is a consideration as we sit here today, but I do echo a comment [the government] made, that the impact of cocaine on our communities is well known and well

documented.  Whether it contributes to drug addiction or worse, the collateral crimes, it is a danger and has been a danger to our community.

Tr. of Sentencing 92.  Aleman-Rivera did not object to the final sentence afterwards.

## II.

We generally review the procedural reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  When a defendant does not raise a relevant objection at the time of sentencing, however, we review for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  Plain error is error that is plain, that affects a defendant's substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001).

The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2)(A)–(C). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing

disparities, and the need to provide restitution to victims.  *Id.*
§ 3553(a)(1), (3)–(7).

A sentence may be procedurally unreasonable if the district
court improperly calculates the guideline range, treats the Guide-
lines as mandatory, fails to consider the § 3553(a) factors, sentences
based on clearly erroneous facts, or fails to adequately explain its
chosen sentence.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The district
court is not required to state on the record that it has explicitly con-
sidered each of the § 3553(a) factors or to discuss each of the
§ 3553(a) factors.  *United States v. Kuhlman*, 711 F.3d 1321, 1326
(11th Cir. 2013).  Generally, "[a]n acknowledgment the district
court has considered the defendant's arguments and the § 3553(a)
factors will suffice."  *United States v. Gonzalez*, 550 F.3d 1319, 1324
(11th Cir. 2008).

Here, the District Court's sentence was procedurally reason-
able because it adequately considered the § 3553(a) factors, includ-
ing the need to protect the public from Aleman-Rivera's future
criminal conduct.  Though the appellant's brief quotes part of the
District Court's words, it quotes them selectively.  Appellant's Br.
at 13.  While the District Court may not have identified the need
to protect the public from future crimes by the defendant in the
quoted portion, 18 U.S.C. § 3553(a)(2)(C), the Court clearly ad-
dressed this factor in the very next sentence.  Accordingly, we af-
firm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 19, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  22-10347-JJ
Case Style:  USA v. Rafael Aleman-Rivera
District Court Docket No:  8:18-cr-00596-VMC-CPT-8

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers
General Information             404-335-6100
New / Before Briefing Cases    404-335-6135
Cases in Briefing / After Opinion   404-335-6130
Cases Set for Oral Argument    404-335-6141
Capital Cases                  404-335-6200
Attorney Admissions            404-335-6122
CM/ECF Help Desk               404-335-6125

OPIN-1 Ntc of Issuance of Opinion